**BARTLETT GASOLINE CO. et al. v. HICKS et al.**

No. 22157. Opinion Filed Dec. 8, 1931.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Cooke & Jackson, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

LESTER, C. J. This is an original action in this court to review an award of the Industrial Commission. The claimant suffered the loss of his right eye alleged to have been caused by burns received from an explosion from which two of the claimant's fellow workmen were burned to the extent that they died. The claimant suffered burns on the face and head and was burned so intensely about the eyes that the lids were closed for several days. The claimant received treatment in a hospital for the burns received on account of the explosion. He testified that prior to the injuries received on account of the burns his eyesight was good and that on and after said injury he suffered the loss of the vision of his right eye. Physicians were called as expert witnesses and their testimony in many particulars was indefinite and unsatisfactory so far as it related to the cause of the loss of vision to claimant's eye. Evidence of the experts is similar in many respects to the evidence reviewed by this court in the case of Cortex Drilling Co. v. Henning, 149 Okla. 72, 299 P. 214. In that case Dr. A. L. Guthrie, an admitted qualified specialist, testified in part:

"By the Court: Q. Assuming that the evidence in this case is that the water gauge bursted, blowing glass in the claimant's right eye, and hot water in the left eye, would it be possible for the condition you find now, in the left eye, to be due to the injury, or sympathetic condition? A. Possibly, yes. Q. There is no evidence? A. No visible signs, but it is possible. By the Court: That is all. By Mr. Gunnells: Q. Now, when you say possible, Doctor, you don't mean it is probable—you mean it is possible—just what you say? A. Yes, possible."

In the case at bar Dr. Todd, an admitted expert, testified in part:

"Q. In other words. Doctor, in this man, you found some farsightedness there, didn't you? A. No. Q. What did you find when you made a test for vision? A. He does not respond to lens correction at all. * * * Q. Doctor, from your examination of this man, you say the burns on his face and body, together with that scar tissue, you saw from your examination, would you say that of such a degree, it would cause the toxic condition of the system, and this toxic condition could affect the vision? A. I said it could be."

In Cortex Drilling Co. v. Henning, supra, this court, speaking through Mr. Justice Riley, said:

"We have set out the testimony somewhat at length, for the reason that petitioner boldly asserts that there is no competent evidence to support the finding of the Commission that claimant sustained a 15 per cent. loss of vision of his left eye.

"With this contention we cannot agree. To begin with, we have some evidence that prior to the injury claimant's vision was perfectly normal; we think that without this evidence the presumption would be that claimant's vision was normal. Certainly there is evidence that, after the injury, claimant's vision in the left eye was impaired at least 15 per cent. Then how is the impaired vision to be accounted for? There is absolutely no evidence to show that it was caused by anything other than the hot water and steam which was blown into claimant's eye or by sympathetic conditions resulting from the admitted traumatic condition of the right eye caused by glass from the bursting gauge being blown into it, or both. From the testimony of Dr. Hicks, and Dr. Guthrie, it was clearly possible for the condition found to exist in the left eye to be so caused."

In the instant case the claimant testified positively that prior to the injury received on account of the burns his eyesight was not defective and was in normal condition; that on and after the burns he suffered the loss of vision of his right eye. We think the testimony in the instant case is fully as persuasive as in the case of Cortex Drilling Co. v. Henning, supra, and that the evidence submitted justified the Commission in making the award to the claimant.

The award of the State Industrial Commission is, therefore, affirmed.

CLARK, V. C. J., and RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, and SWINDALL, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.